**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**CASE NO:**

BYRON BREEZE, JR., on behalf of himself,
and all others similarly situated,

    Plaintiff,

  v.

Chop't Creative Salad Company LLC,

    Defendant.

_____/

## **COMPLAINT**

  Plaintiff, BYRON BREEZE, JR., (hereinafter "Plaintiff"), on behalf of himself, as well as all others similarly situated, hereby sues Defendant CHOP'T CREATIVE SALAD COMPANY LLC, (hereinafter "Defendant"), for injunctive relief and damages, pursuant to 42 U.S.C. § 12181 *et seq.* (hereinafter "AMERICANS WITH DISABILITIES ACT" or "ADA"), the ADA Accessibility Guidelines 28 C.F.R. Part 36 (hereinafter "ADAAG"), the NEW YORK CITY HUMAN RIGHTS LAW ("NYCHRL"), and the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL"), and allege as follows:

### **INTRODUCTION**

1. This is an action seeking to redress violations of state and federal law at no less than eighteen (18) restaurant locations owned and operated by Defendant in this District.

2. As set for the more fully below, Plaintiff, as well as a class consisting of thousands (or tens of thousands) of similarly situated disabled individuals, are functionally excluded from some or all of the goods, services, and amenities offered to the general public at each of the Defendant's restaurant locations in this District.

3.  By this litigation, Plaintiff, on behalf of himself and the class defined more fully below, seek to bring all of Defendant's locations in this District into compliance with applicable state and federal law, and to recover applicable damages owed to each member of the class, in accordance with New York law.

## JURISDICTION AND VENUE

4.  This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. §1331 and §1343. This Court has supplemental jurisdiction over Plaintiff's state law claims that arise out of the same nucleus of facts and circumstances as the subject federal claims.

5.  This Court has additional subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2), the Federal Class Action Fairness Act, inasmuch as damages owed to the class (pursuant to New York law) are likely to exceed Five Million Dollars ($5,000,000).

6.  Venue lies within the Southern District of New York pursuant to 28 U.S.C. §1391 in that each of the properties at issue herein are located in this District.

## PARTIES

7.  At all times material hereto, Plaintiff, BYRON BREEZE, JR., was and is over the age of 18 years, *sui juris*, and was a resident of Manhattan, which is located within the Southern District of New York. Mr. Breeze has recently relocated to the District of Columbia, but intends to return to the Southern District of New York on a continuing basis to visit with friends and relatives, and plans to relocate back to the Southern District of New York in the near future.

8. Mr. Breeze has at all material times suffered from a "qualified disability" under the ADA, because he was born without legs or complete hands, and uses a wheelchair for mobility.

9. Defendant, CHOP'T CREATIVE SALAD COMPANY LLC, is a Delaware Foreign Limited Liability Company authorized to conduct and conducting business within the State of New York, and is the owner and/or operator of all "Chop't" restaurants located in this District, including the following locations (collectively referred to hereinafter as the "Chop't Locations"): (a) 1 New York Plaza, New York, NY; (b) 11 W. 42nd St., New York, NY; (c) 18 E 23rd St., New York, NY; (d) 24 E 17th St., New York, N.; (e) 51 Astor Pl., New York, NY; (f) 54 Spring St., New York, NY; (g) 60 E. 56th St., New York, NY; (h) 80 Pine St., New York, NY; (i) 100 Park Ave., New York, NY; (j) 120 W 56th St., New York, NY; (k) 145 W 51st St., New York, NY; (l) 165 E 52nd St., New York, NY; (m) 225 Liberty St., New York, NY; (n) 341 Amsterdam Ave., New York, NY; (o) 350 5th Ave., New York, NY; (p) 666 3rd Ave., New York, NY; (q) 1376 3rd Ave., New York, NY; and (r) 1450 Broadway, New York, NY.

10. The Chop't Locations are places of public accommodation as that term is defined by the ADA; specifically, the Chop't Locations are operated by Defendant as restaurants commonly known and referred to as "Chop't"

## CLASS ALLEGATIONS

11. Plaintiff brings this class action on his own behalf, and also as a class action, pursuant to Federal Rule of Civil Procedure 23, on behalf of a class of people defined as follows:

> All disabled individuals who, because of disability, have been excluded from some or all of the amenities available to the general public at any of the Chop't Locations.

12. Excluded from the Class is any person who is an executive, officer, employee, and/or director of the Defendant corporation.

13. The members of the Class are so numerous that joinder of all Class members is not practical. The size of the class will be determined through discovery.

14. Plaintiff's claims are typical of those of the entire Class. Plaintiff, along with every member of the Class, have suffered civil right violations as a result of Defendant's continuing failure to comply with the ADA and ADAAG at all of the Chop't Locations.

15. Plaintiff can and will adequately protect the interests of all members of the Class and have retained competent counsel experienced in both ADA and class action litigation. Plaintiff has no interests that are contrary to the interests of the Class members in this case.

16. A class action is far superior to any other possible method for adjudicating this controversy. Each member of the Class is entitled to injunctive relief, as well as statutory damages under New York law. At issue are all of the Chop't Locations, and barriers encountered at those locations by many thousands (if not tens of thousands) of disabled individuals. The expense and burden associated with individual litigation of each claim held by each member of the Class would be extraordinarily inefficient for Defendant, members of the Class, and the Courts of this District.

17. Common questions of law and fact prevail with respect to all members of the Class, and predominate over questions applicably solely to individual Class members. Among such common questions of law and fact is whether Defendant has violated Federal and New York State statutory obligations by failing to comply with the ADA and ADAAG, so that

all physically disabled persons are afforded fair and equal access to each of the Chop't Locations.

18. Plaintiff knows of no special or unique difficulties that would be encountered in the management of this litigation that might preclude its maintenance as a class action.

19. The names and addresses of disabled individuals who are being excluded from full and equal access to the Chop't Locations is obtainable through traditional channels used to identify members of any class; notice of this case, informing members of the Class that this case exists and that he/she may be a member of the Class, can be delivered by U.S. or electronic mail, using techniques and in a form of notice similar to those customarily used in class action litigation, and can additionally be advertised in the New York City area by television, internet, radio, and other means of transmission that are likely to reach members of the Class.

## COUNT I
## <u>VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT</u>

20.  Plaintiff re-avers the allegations set forth above, as though fully set forth herein.

21. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

22. Congress specifically found, *inter alia*, that:[1]

    a.  Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

    a.  Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination

---

[1] 42 U.S.C. § 12101(a)(1) – (3), (5), and (9).

against individuals with disabilities continue to be a serious and pervasive social problem;

b.  Discrimination against individuals with disabilities persists in such critical areas of employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

c.  Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

d.  The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

23. Congress explicitly set forth the purpose of the ADA; to wit:[2]

(i)  Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)  Provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

---

[2] 42 U.S.C. § 12101(b) (1) (2) and (4).

(iii)    Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

24. The congressional legislation gave places of public accommodation a time-period of up to one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[3]

25. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA.[4]

26. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[5]

27. The Chop't Locations are legally required to be (but are not) in compliance with the ADA and ADAAG; specifically:

    **a.  1 New York Plaza, New York, New York:**

        i.  Inaccessible meal preparation service counter: the height of service counter exceeds the maximum height allowance in violation of ADAAG §§ 227, 904.

        ii.  Inaccessible self-service beverage dispenser: inaccessible forward reach at self-service beverage dispenser, minimum clear floor space extending

---

[3] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).
[4] 29 C.F.R. Part 36.
[5] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

beneath the element allowing for a forward reach not provided, inaccessible side reach at self-service beverage dispenser, and noncompliant height of self-service beverage dispenser exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

iii. Inaccessible self-service ice dispenser: inaccessible forward reach at self-service ice dispenser, minimum clear floor space extending beneath the element allowing for a forward reach not provided, inaccessible side reach at self-service ice dispenser, and noncompliant height of self-service ice dispenser exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

iv. Inaccessible self-service condiment counter: inaccessible forward reach at self-service condiment shelf, minimum clear floor space extending beneath the element allowing for a forward reach not provided, inaccessible side reach at self-service condiment shelf, and noncompliant height of self-service condiment counter exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

b. **11 W. 42nd St., New York, New York:**

i. Inaccessible meal preparation service counter: the height of service counter exceeds the maximum height allowance in violation of ADAAG §§ 227, 904.

ii. Inaccessible dining tables: the required minimum knee and toe clearance is not provided, noncompliant height of dining tables exceeds maximum height allowance, and the minimum percentage of existing dining tables

required to be accessible is not provided in violation of ADAAG §§ 226, 902, 306.

iii. Complaint signage identifying the restroom not provided as required in violation of ADAAG § 216.

iv. Noncompliant door swing of restroom door: restroom door swings into the floor space of restroom fixtures in violation of ADAAG § 603.

v. Two Noncompliant door locks at restroom door requiring twisting of the wrist in violation of ADAAG §§ 404, 309.

vi. Inaccessible water closet in restroom: required minimum clearance is not provided at water closet in violation of ADAAG § 604.

vii. Noncompliant distance of water closet from side wall in violation of ADAAG § 604.

viii. Insulation of pipes and water lines under lavatory not provided as required in violation of ADAAG § 606.

ix. Inaccessible hand soap dispenser in restroom: noncompliant mounted height of hand dryer exceeds maximum height allowance in violation of ADAAG §§ 606, 308.

c. **18 E. 23rd St., New York, New York:**

i. Inaccessible meal preparation service counter: the height of service counter exceeds the maximum height allowance in violation of ADAAG §§ 227, 904.

ii. Inaccessible self-service beverage dispenser: inaccessible forward reach at self-service beverage dispenser, minimum clear floor space extending

beneath the element allowing for a forward reach not provided, inaccessible side reach at self-service beverage dispenser, and noncompliant height of self-service beverage dispenser exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

iii. Inaccessible self-service ice dispenser: inaccessible forward reach at self-service ice dispenser, minimum clear floor space extending beneath the element allowing for a forward reach not provided, inaccessible side reach at self-service ice dispenser, and noncompliant height of self-service ice dispenser exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

iv. Inaccessible dining tables: required minimum clear floor space allowing a forward approach not provided at dining booth tables, the required minimum knee and toe clearance is not provided, noncompliant height of dining tables exceeds maximum height allowance, and the minimum percentage of existing dining tables required to be accessible is not provided in violation of ADAAG §§ 226, 902, 306.

v. Complaint signage identifying the restroom not provided as required in violation of ADAAG § 216.

vi. Noncompliant door swing of restroom door: restroom door swings into the floor space of restroom fixtures in violation of ADAAG § 603.

vii. Two Noncompliant door locks at restroom door requiring twisting of the wrist in violation of ADAAG §§ 404, 309.

viii. Inaccessible water closet in restroom: required minimum clearance is not provided at water closet in violation of ADAAG § 604.

ix. Noncompliant existing grab bar at rear wall of water closet does not meet minimum length requirement in violation of ADAAG § 604.

x. Noncompliant existing grab bar at side wall of water closet does not meet minimum length requirement in violation of ADAAG § 604.

xi. Insulation of pipes and water lines under the lavatory in restroom are not provided as required in violation of ADAAG § 606.

xii. Inaccessible hand soap dispenser in restroom: noncompliant mounted height of hand dryer exceeds maximum height allowance in violation of ADAAG §§ 606, 308.

xiii. Inaccessible paper towel dispenser in restroom: noncompliant mounted height of paper towel dispenser exceeds maximum height allowance in violation of ADAAG §§ 606, 308.

xiv. Inaccessible mirror in restroom: noncompliant height of mirror located above lavatory exceeds the maximum height allowance in violation of § 603.

**d. 24 E. 17th St., New York, New York:**

i. Required minimum maneuvering clearance is not provided at the exterior side of the entrance door, and noncompliant change in level within required maneuvering clearance at exterior side of entrance door in violation of ADAAG § 404.

ii.  Noncompliant ramp at exterior side of entrance door, uneven floor surface of ramp acts as a hazard potentially causing injury, noncompliant cross slope of ramp, and required landing at top of ramp not provided in violation of ADAAG §§ 405, 302.

iii.  Inaccessible meal preparation service counter: the height of service counter exceeds the maximum height allowance in violation of ADAAG §§ 227, 904.

iv.  Inaccessible self-service trash receptacle: inaccessible forward reach at self-service trash receptacle, minimum clear floor space extending beneath the element allowing for a forward reach not provided, inaccessible side reach at self-service trash receptacle, and noncompliant height of self-service trash receptacle exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

v.  Inaccessible self-service condiment counter: inaccessible forward reach at self-service condiment shelf, minimum clear floor space extending beneath the element allowing for a forward reach not provided, inaccessible side reach at self-service condiment shelf, and noncompliant height of self-service condiment counter exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

vi.  Inaccessible dining tables: required minimum clear floor space allowing a forward approach not provided at dining booth tables, the required minimum knee and toe clearance is not provided, noncompliant height of dining tables exceeds maximum height allowance, and the minimum

percentage of existing dining tables required to be accessible is not provided in violation of ADAAG §§ 226, 902, 306.

vii. Complaint signage identifying the restroom not provided as required in violation of ADAAG § 216.

viii. Required minimum maneuvering clearance not provided at exterior side of restroom room in violation of ADAAG § 404.

ix. Two Noncompliant door locks at restroom door requiring twisting of the wrist in violation of ADAAG §§ 404, 309.

x. Inaccessible water closet in restroom: required minimum clearance not provided at water closet in violation of ADAAG § 604.

xi. Noncompliant existing grab bar at rear wall of water closet does not meet minimum length requirement in violation of ADAAG § 604.

xii. Noncompliant position of flush control located at closed side of water closet in violation of ADAAG § 604.

xiii. Inaccessible lavatory in restroom: noncompliant height of lavatory in restroom exceeds maximum height allowed in violation of ADAAG § 606.

xiv. Insulation of pipes and water lines under the lavatory in restroom are not provided as required in violation of ADAAG § 606.

xv. Inaccessible mirror in restroom: noncompliant height of mirror located above lavatory exceeds the maximum height allowance in violation of § 603.

e. **51 Astor Pl., New York, New York:**

    i.  Inaccessible meal preparation service counter: the height of service counter exceeds the maximum height allowance in violation of ADAAG §§ 227, 904.

    ii.  Inaccessible self-service condiment counter: noncompliant height of self-service condiment counter exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

    iii.  Complaint signage identifying the restroom not provided as required in violation of ADAAG § 216.

    iv.  Noncompliant door swing of restroom door: restroom door swings into the floor space of restroom fixtures in violation of ADAAG § 603.

    v.  Inaccessible door lock at restroom door: noncompliant height of door lock at restroom door exceeds maximum height allowance in violation of ADAAG § 404.

    vi.  Noncompliant door lock at restroom requires the twisting of the wrist in violation of ADAAG §§ 404, 309.

    vii.  Noncompliant existing grab bar at rear wall of water closet in restroom does not meet minimum length requirement in violation of ADAAG § 604.

**f.  54 Spring St., New York, New York:**

    i.  Inaccessible meal preparation service counter: the height of service counter exceeds the maximum height allowance in violation of ADAAG §§ 227, 904.

ii. Inaccessible dining tables: required minimum clear floor space allowing a forward approach not provided at dining booth tables, noncompliant height of dining tables exceeds maximum height allowance, the required minimum knee and toe clearance is not provided, and the minimum percentage of existing dining tables required to be accessible is not provided in violation of ADAAG §§ 226, 902, 306.

iii. Complaint signage identifying the restroom not provided as required in violation of ADAAG § 216.

iv. Noncompliant door swing of restroom door: restroom door swings into the floor space of restroom fixtures in violation of ADAAG § 603.

v. Noncompliant door lock at restroom requires the twisting of the wrist in violation of ADAAG §§ 404, 309.

vi. Insulation of pipes and water lines under the lavatory in restroom are not provided as required in violation of ADAAG § 606.

vii. Inaccessible hand dryer in restroom: noncompliant mounted height of hand dryer exceeds maximum height allowance in violation of ADAAG §§ 606, 308.

viii. Inaccessible mirror in restroom: noncompliant height of mirror located above lavatory exceeds the maximum height allowance in violation of § 603.

ix. Noncompliant existing grab bar at rear wall of water closet in restroom does not meet minimum length requirement in violation of ADAAG § 604.

**g. 60 E. 56th St., New York, New York:**

    i.  Inaccessible meal preparation service counter: the height of service counter exceeds the maximum height allowance in violation of ADAAG §§ 227, 904.

    ii.  Inaccessible self-service napkin dispenser and condiment counter: inaccessible forward reach at self-service napkin dispenser and condiment counter, minimum clear floor space extending beneath the element allowing for a forward reach not provided, inaccessible side reach at self-service napkin dispenser and condiment counter, and noncompliant height of self-service napkin dispenser and condiment counter exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

    iii.  Inaccessible dining tables: required minimum clear floor space allowing a forward approach not provided at dining booth tables, the required minimum knee and toe clearance is not provided, and the minimum percentage of existing dining tables required to be accessible is not provided in violation of ADAAG §§ 226, 902, 306.

    iv.  Inaccessible dining counter: noncompliant height of dining counter exceed maximum height allowance, the required minimum knee and toe clearance is not provided, and portion of existing dining counter required to be accessible is not provided in violation of ADAAG §§ 226, 902, 306.

    v.  Complaint signage identifying the restroom not provided as required in violation of ADAAG § 216.

vi.  Inaccessible door lock at restroom door: noncompliant height of door lock at restroom door exceeds maximum height allowance, and noncompliant door lock at restroom requires twisting of the in violation of ADAAG §§ 404, 309.

vii.  Inaccessible lavatory in restroom: the required minimum clear floor space not provided at lavatory in violation of ADAAG §§ 606, 305.

viii.  Insulation of pipes and water lines under the lavatory in restroom are not provided as required in violation of ADAAG § 606.

ix.  Inaccessible mirror in restroom: noncompliant height of mirror exceeds the maximum height allowance in violation of § 603.

x.  Inaccessible hand soap dispenser in restroom: noncompliant mounted height of hand dryer exceeds maximum height allowance, required clear width no provided at travel path to hand soap dispenser in violation of ADAAG §§ 606, 308, 403.

xi.  Inaccessible water closet in restroom: required minimum clearance not provided at water closet in violation of ADAAG § 604.

xii.  Noncompliant existing grab bar at rear and side wall of water closet in restroom does not meet minimum length requirement in violation of ADAAG § 604.

xiii.  Existing plumbing valves located directly behind the toilet seat at water closet in the second of two restrooms acts as a hazard potentially causing injury in violation of ADAAG § 604.

xiv. Inaccessible toilet paper dispenser in restroom: noncompliant mounted height of toilet papers dispenser exceeds maximum height allowance in violation of ADAAG § 604.

xv. Inaccessible coat hook in restroom: noncompliant height of coat hook in restroom exceeds maximum height allowance in violation of ADAAG §§ 603, 308.

**h. 80 Pine St., New York, New York:**

i. Noncompliant existing handrails at ramp located at interior side entrance door, and required handrail extensions not provided at the existing handrails at ramp located at interior side of entrance door in violation of ADAAG § 505.

ii. Inaccessible meal preparation service counter: the height of service counter exceeds the maximum height allowance in violation of ADAAG §§ 227, 904.

iii. Inaccessible self-service beverage dispenser: inaccessible forward reach at self-service beverage dispenser, minimum clear floor space extending beneath the element allowing for a forward reach not provided, inaccessible side reach at self-service beverage dispenser, and noncompliant height of self-service beverage dispenser exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

iv. Inaccessible self-service ice dispenser: inaccessible forward reach at self-service ice dispenser, minimum clear floor space extending beneath the element allowing for a forward reach not provided, inaccessible side reach

at self-service ice dispenser, and noncompliant height of self-service ice dispenser exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

v.   Inaccessible self-service condiment counter: inaccessible forward reach at self-service condiment counter, minimum clear floor space extending beneath the element allowing for a forward reach not provided, inaccessible side reach at self-service condiment counter, and noncompliant height of self-service condiment counter exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

vi.   Inaccessible dining tables: required minimum knee and toe clearance is not provided, and the minimum percentage of existing dining tables required to be accessible is not provided in violation of ADAAG §§ 226, 902, 306.

vii.   Inaccessible dining counter: noncompliant height of dining counter exceeds maximum height allowance, and portion of existing dining counter required to be accessible is not provided in violation of ADAAG §§ 226, 902.

**i.   100 Park Ave., New York, New York:**

i.   Required handrail not provided at one side of the stairs at the first of two paths of travel leading to establishment from entrance door, noncompliant existing handrail at opposite side of stairs, and required extension not provided as required at handrail stairs in violation of ADAAG § 505.

ii.  Noncompliant existing handrails at both sides of ramp at the second of two paths of travel leading into the establishment from the entrance door, and required extensions not provided as required at handrails at ramp in violation of ADAAG § 505.

iii.  Inaccessible meal preparation service counter: the height of service counter exceeds the maximum height allowance in violation of ADAAG §§ 227, 904.

iv.  Inaccessible self-service beverage dispenser: inaccessible forward reach at self-service beverage dispenser, minimum clear floor space extending beneath the element allowing for a forward reach not provided, inaccessible side reach at self-service beverage dispenser, and noncompliant height of self-service beverage dispenser exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

v.  Inaccessible self-service ice dispenser: inaccessible forward reach at self-service ice dispenser, minimum clear floor space extending beneath the element allowing for a forward reach not provided, inaccessible side reach at self-service ice dispenser, and noncompliant height of self-service ice dispenser exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

vi.  Inaccessible dining tables: required minimum clear floor space allowing a forward approach not provided at dining tables, required minimum knee and toe clearance is not provided at dining tables, and a minimum

percentage of existing dining tables required to be accessible is not provided in violation of ADAAG §§ 226, 902, 306.

vii. Complaint signage identifying the restroom not provided as required in violation of ADAAG § 216.

viii. Noncompliant door swing of restroom door: restroom door swings into the floor space of restroom fixtures in violation of ADAAG § 603.

ix. Noncompliant door lock at restroom requires twisting of the in violation of ADAAG §§ 404, 309.

x. Insulation of pipes and water lines under the lavatory not provided as required in first of two restrooms in violation of ADAAG § 606.

xi. Inaccessible hand dryer: noncompliant mount height of hand dryer exceeds maximum height allowance in violation of ADAAG §§ 606, 308.

xii. Inaccessible mirror: noncompliant height of mirror exceeds maximum height allowance in violation of ADAAG § 603.

xiii. Noncompliant existing grab bar at side wall of water closet does not meet minimum length requirement in violation of ADAAG § 604.

xiv. Noncompliant position of flush control located at close side of water closet, and existing plumbing valves located directly behind the toilet seat act as a hazard potentially causing injury in violation of ADAAG § 604.

**j. 120 W. 56th St., New York, New York:**

i. Required minimum maneuvering clearance not provided at entrance door: noncompliant change in level within required maneuvering clearance at interior side of entrance door in violation of ADAAG § 404.

ii.   Noncompliant ramp at interior side of entrance door, and required landing not provided as required at the top of the ramp in violation of ADAAG § 405.

iii.   Inaccessible dining tables at exterior dining area: required minimum knee and toe clearance is not provided at exterior dining tables, and a minimum percentage of existing exterior dining tables required to be accessible is not provided in violation of ADAAG §§ 226, 902, 306.

iv.   Inaccessible dining tables at ground level of interior dining area: required minimum clear floor space allowing a forward approach not provide at dining booth tables, required minimum knee and toe clearance is not provided at tables, and a minimum percentage of existing dining tables required to be accessible is not provided in violation of ADAAG §§ 226, 902, 306.

v.   Inaccessible travel path to dining area located at upper floor of establishment: required accessible route to upper level dining area not provided as required, existing flight of stairs at travel path to upper dining area act as a barrier to accessibility, and upper level dining area contains more than 25% of total dining seats combined with dining seats at main floor dining area in violation of ADAAG § 206.

vi.   Noncompliant existing handrails at stairs leading to upper floor level dining area, and required handrail extensions not provided at bottom of stairs leading to upper level dining area in violation of ADAAG § 505.

vii.   Required handrail extensions not provided as required at the top of the stairs leading to upper level dining area in violation of AGAAG § 505.

viii.  Inaccessible upper level dining tables: required minimum knee and toe clearance is not provided at dining tables in violation of ADAAG §§ 226, 902, 306.

ix.   Inaccessible meal preparation service counter; noncompliant height of service counter exceeds maximum height allowance in violation of ADAAG 227, 904.

x.   Inaccessible self-service condiment and utensil counter: inaccessible forward reach at self-service condiment and utensil counter, minimum clear floor space extending beneath the element allowing for a forward reach not provided, inaccessible side reach at self-service condiment and utensil counter, and noncompliant height of self-service condiment and utensil counter exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

xi.   Complaint signage identifying the restroom not provided as required in violation of ADAAG § 216.

xii.  Required minimum maneuvering clearance not provided at restroom door in violation of ADAAG § 404.

xiii. Noncompliant door swing of restroom door: restroom door swings into the floor space of restroom fixtures in violation of ADAAG § 603.

xiv.  Noncompliant door lock at restroom requires twisting of the in violation of ADAAG §§ 404, 309.

xv.   Insulation of pipes and water lines under the lavatory not provided as required in violation of ADAAG § 606.

xvi.  Inaccessible mirror in restroom: noncompliant height of mirror located above lavatory exceeds maximum height allowance in violation of ADAAG § 603.

xvii. Inaccessible soap dispenser: noncompliant mounted height of soap dispenser exceeds maximum height allowance in violation of ADAAG §§ 606, 308.

xviii. Inaccessible paper towel dispenser in restroom: noncompliant mounted height of paper towel dispenser exceeds maximum height allowance in violation of ADAAG §§ 606, 308.

xix.  Noncompliant existing grab bar at side wall of water closet does not meet minimum length requirement in violation of ADAAG § 604.

**k.  145 W. 51st St., New York, New York:**

i.    Inaccessible main entrance: existing steps at the travel path to the main entrance act as a barrier to accessibility, and required ramp not provided for steps leading into establishment in violation of ADAAG §§ 206, 207, 303.

ii.   Required minimum maneuvering clearance not provided at door at the main entrance, and noncompliant change in level within required maneuvering clearance at the door at the main entrance in violation of ADAAG § 404.

iii.  Noncompliant existing handrails at steps leading to main entrance, and required handrail extensions not provided at the top and bottom of the steps lead to the main entrance in violation of AGAAG § 505.

iv.  Required directional signage not provided at the inaccessible main entrance indicating the existence and location of a secondary entrance requiring travel through the interior lobby of an office building in violation of AGAAG § 216.

v.  Inaccessible dining tables: required minimum knee and toe clearance is not provided at dining tables, noncompliant height of dining tables exceeds maximum height allowance, and minimum percentage of existing dining tables required to be accessible is not provided in violation of ADAAG §§ 226, 902, 306.

vi.  Inaccessible service counter: noncompliant height of service counter exceeds maximum height allowance in violation of ADAAG §§ 227, 904.

vii.  Inaccessible self-service beverage dispenser: inaccessible forward reach at self-service beverage dispenser, minimum clear floor space extending beneath the element allowing for a forward reach not provided, inaccessible side reach at self-service beverage dispenser, and noncompliant height of self-service beverage dispenser exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

viii.  Inaccessible self-service ice dispenser: inaccessible forward reach at self-service ice dispenser, minimum clear floor space extending beneath the element allowing for a forward reach not provided, inaccessible side reach

at self-service ice dispenser, and noncompliant height of self-service ice dispenser exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

ix.   Complaint signage identifying the restroom not provided as required in violation of ADAAG § 216.

x.   Noncompliant rise in floor level at the threshold of restroom door acts as a barrier to accessibility, and required ramp not provided for rise in floor level at threshold of restroom door in violation of AGAAG § 404.

xi.   Required minimum maneuvering clearance not provide at restroom door, and noncompliant change in level within required maneuvering clearance at restroom door in violation of AGAAG § 404.

xii.   Noncompliant door lock at restroom doo requires twisting of the wrist in violation of AGAAG §§ 404, 309.

xiii.   Inaccessible water closet in restroom: required minimum clearance not provided at water closet in violation of AGAAG § 604.

xiv.   Required grab bar not provided on the side wall of water closet in violation of AGAAG § 604.

xv.   Noncompliant existing grab bar at rear wall of water closet does not meet minimum length requirement in violation of ADAAG § 604.

xvi.   Noncompliant position of flush control located at closed side of water closet in violation of ADAAG § 604.

xvii.   Inaccessible toilet paper dispenser: noncompliant distance of toilet paper dispenser from water closet in violation of ADAAG § 604.

xviii.  Inaccessible lavatory in restroom: required knee and toe clearance not provided in violation of ADAAG §§ 606, 306.

xix.  Insulation of pipes under the lavatory not provided as required in violation of ADAAG § 606.

xx.  Inaccessible hand soap dispenser in restroom: noncompliant mounted height of hand soap dispenser exceeds maximum height allowance in violation of ADAAG § 606, 308.

xxi.  Inaccessible paper towel dispenser in restroom: noncompliant mounted height of paper towel dispenser exceeds maximum height allowance in violation of ADAAG § 606, 308.

xxii.  Inaccessible mirror in restroom: noncompliant height of mirror exceeds maximum height allowance in violation of ADAAG § 603.

**l.  165 E. 52nd St., New York, New York:**

i.  Inaccessible entrance: accessible means of ingress and egress not provided as required, existing steps at each of two paths of travel into establishment act as a barrier to accessibility; required ramp not provided for steps at each of two paths of travel leading into establishment in violation of ADAAG §§ 206, 207, 303.

ii.  Required minimum maneuvering clearance not provided at interior side of door at each of two paths of travel into the establishment, and noncompliant change in level within required maneuvering clearance at interior side of door at each of two paths of travel into the establishment in violation of ADAAG § 404.

iii. Inaccessible self-service beverage dispenser: required minimum clear floor space not provided at travel path to self-service beverage dispenser, inaccessible forward reach at self-service beverage dispenser, minimum clear floor space extending beneath the element allowing for a forward reach not provided, inaccessible side reach at self-service beverage dispenser, and noncompliant height of self-service beverage dispenser exceeds the maximum height allowance in violation of ADAAG §§ 904, 308, 309, 305.

iv. Inaccessible self-service condiment shelf: inaccessible forward reach at self-service condiment shelf, minimum clear floor space extending beneath the element allowing for a forward reach not provided, inaccessible side reach at self-service condiment shelf, and noncompliant height of self-service condiment shelf exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

v. Inaccessible dining tables: required minimum knee and toe clearance is not provided at dining tables, and a minimum percentage of existing dining tables required to be accessible not provided in violation of ADAAG §§ 226, 902, 306.

vi. Complaint signage identifying the restroom not provided as required in violation of ADAAG § 216.

vii. Noncompliant door knob and locks at restroom door requires twisting of the wrist in violation of ADAAG §§ 404, 309.

     viii.  Inaccessible water closet in restroom: required minimum clearance not provided at water closet in violation of ADAAG § 604.

     ix.  Required grab bars not provided at rear and side walls of water closet in violation of ADAAG § 604.

     x.  Noncompliant position of flush control located at closed side of water closet in violation of AGAAG § 604.

     xi.  Inaccessible mirror in restroom: noncompliant height of mirror exceeds maximum height allowance in violation of ADAAG § 603.

m.  **225 Liberty St., New York, New York:**

     i.  Inaccessible service counter: noncompliant height of service counter exceeds maximum height allowance in violation of ADAAG §§ 227, 904.

n.  **341 Amsterdam Ave., New York, New York:**

     i.  Inaccessible service counter: noncompliant height of service counter exceeds maximum height allowance in violation of ADAAG §§ 227, 904.

     ii.  Inaccessible self-service beverage dispenser: inaccessible forward reach at self-service beverage dispenser, minimum clear floor space extending beneath the element allowing for a forward reach not provided, inaccessible side reach at self-service beverage dispenser, and noncompliant height of self-service beverage dispenser exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

     iii.  Inaccessible self-service ice dispenser: noncompliant height of self-service ice dispenser exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

iv.  Inaccessible dining tables at ground floor dining area: required minimum clear floor space allowing a forward approach not provided, required minimum knee and toe clearance is not provided at dining tables, and a minimum percentage of existing dining tables required to be accessible not provided in violation of ADAAG §§ 226, 902, 306.

v.  Inaccessible travel path to raised dining area: steps at travel path leaving to raised dining area act as a barrier to accessibility in violation of ADAAG § 206.

vi.  Noncompliant existing handrails at steps leading to raised dining area, and required extensions not provided as required at the bottom of the steps leading to the raised dining area in violation of ADAAG § 505.

vii.  Complaint signage identifying the restroom not provided as required in violation of ADAAG § 216.

viii.  Noncompliant door swing of restroom door at first of two restrooms: restroom door swings into the floor space of restroom fixtures in violation of ADAAG § 603.

ix.  Noncompliant door lock at restroom door at first of two restrooms requires twisting of the wrist in violation of ADAAG §§ 404, 309.

x.  Insulation of pipes under the lavatory in the first of two restrooms not provided as required in violation of ADAAG § 606.

xi.  Noncompliant existing grab bar at side wall of water closet in the first of two restrooms does not meet minimum length requirement in violation of ADAAG § 604.

xii.   Existing flush control located directly behind the toilet seat at water closet in the first of two restrooms acts as a hazard potentially causing injury in violation of AGAAG § 604.

xiii.   Noncompliant door swing of restroom door at the second of two restrooms: restroom door swings into the floor space of restroom fixtures in violation of ADAAG § 603.

xiv.   Noncompliant door lock at restroom door at the second of two restrooms requires twisting of the wrist in violation of ADAAG §§ 404, 309.

xv.   Insulation of pipes under the lavatory in the second of two restrooms not provided as required in violation of ADAAG § 606.

xvi.   Inaccessible mirror in the second of two restrooms: noncompliant height of mirror exceeds maximum height allowance in violation of ADAAG § 603.

xvii.   Noncompliant existing grab bar at side wall of water closet in the second of two restrooms does not meet minimum length requirement in violation of ADAAG § 604.

xviii.   Noncompliant position of flush control located at close side of water closet in the second of two restrooms, and existing flush control located directly behind the toilet seat at water closet in the second of two restrooms acts as a hazard potentially causing injury in violation of AGAAG § 604.

o.   **350 5th Ave., New York, New York:**

i. Inaccessible entrance: accessible means of ingress and egress not provided as required, existing revolving entrance door acts as a barrier to accessibility, and existing swinging entrance door is kept locked and inoperable in violation of ADAAG §§ 206, 403, 207, 303.

ii. Inaccessible service counter: noncompliant height of service counter exceeds maximum height allowance in violation of ADAAG §§ 227, 904.

iii. Inaccessible self-service beverage dispenser: inaccessible forward reach at self-service beverage dispenser, minimum clear floor space extending beneath the element allowing for a forward reach not provided, inaccessible side reach at self-service beverage dispenser, and noncompliant height of self-service beverage dispenser exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

iv. Complaint signage identifying the restroom not provided as required in violation of ADAAG § 216.

v. Noncompliant door lock at restroom door requires twisting of the wrist in violation of ADAAG §§ 404, 309.

vi. Noncompliant existing grab bar at rear wall of water closet in restroom does not meet minimum length requirement in violation of ADAAG § 604.

p. **666 3rd Ave., New York, New York:**

i. Inaccessible entrance: accessible route to establishment not provided, accessible means of egress not provided, existing steps at the first of two paths of travel into establishment act as a barrier to accessibility, required

ramp not provided for steps at first of two paths of travel into establishment, existing steps at the second of two paths of travel into establishment act as a barrier to accessibility, and required ramp not provided for steps at second of two paths of travel into establishment in violation of ADAAG §§ 206, 207, 303.

ii. Required handrails not provide at existing steps at both paths of travel leading into establishment in violation of AGAAG § 505.

iii. Inaccessible service counter: noncompliant height of service counter exceeds maximum height allowance in violation of ADAAG §§ 227, 904.

iv. Inaccessible self-service beverage dispenser: inaccessible forward reach at self-service beverage dispenser, minimum clear floor space extending beneath the element allowing for a forward reach not provided, inaccessible side reach at self-service beverage dispenser, and noncompliant height of self-service beverage dispenser exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

v. Inaccessible self-service ice dispenser: inaccessible forward reach at self-service ice dispenser, minimum clear floor space extending beneath the element allowing for a forward reach not provided, inaccessible side reach at self-service ice dispenser, and noncompliant height of self-service ice dispenser exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

vi. Inaccessible dining tables: required minimum clear floor space allowing for a forward approach not provided, required minimum knee and toe

clearance is not provided at dining tables, noncompliant height of dining tables exceeds maximum height allowance, and minimum percentage of existing dining tables required to be accessible is not provided in violation of ADAAG §§ 226, 902, 306.

vii. Inaccessible dining counter: noncompliant height of dining counter exceeds maximum height allowance, and portion of existing dining counter required to be accessible is not provided in violation of ADAAG §§ 226, 902.

viii. Inaccessible self-service condiment shelf: inaccessible forward reach at self-service condiment shelf, minimum clear floor space extending beneath the element allowing for a forward reach not provided, inaccessible side reach at self-service condiment shelf, and noncompliant height of self-service condiment shelf exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

ix. Complaint signage identifying the restroom not provided as required in violation of ADAAG § 216.

x. Noncompliant door locks at restroom door requires twisting of the wrist in violation of AGAAG §§ 404, 309.

xi. Insulation of pipes under the lavatory not provided as required in violation of ADAAG § 606.

xii. Inaccessible paper towel dispenser in restroom: noncompliant mounted height of paper towel dispenser exceeds maximum height allowance in violation of ADAAG §§ 606, 308.

xiii.  Noncompliant existing grab bar at side wall of water closet does not meet minimum length requirement in violation of ADAAG § 604.

xiv.  Noncompliant existing grab bar at rear wall of water closet does not meet minimum length requirement in violation of ADAAG § 604.

xv.  Inaccessible toilet paper dispenser in restroom: dispenser positioned at a noncompliant distance from water closet in violation of ADAAG § 604.

q.  **1376 3rd Ave., New York, New York:**

i.  Required minimum maneuvering clearance not provided at exterior side of entrance door, and noncompliant change in level within required maneuvering clearance at the exterior side of entrance door in violation of ADAAG § 404.

ii.  Noncompliant ramp at exterior side of entrance door, and required landing not provided at top of ramp at exterior side of entrance door in violation of AGAAG § 405.

iii.  Inaccessible service counter: noncompliant height of service counter exceeds maximum height allowance in violation of ADAAG §§ 227, 904.

iv.  Inaccessible self-service beverage dispenser: inaccessible forward reach at self-service beverage dispenser, minimum clear floor space extending beneath the element allowing for a forward reach not provided, inaccessible side reach at self-service beverage dispenser, and noncompliant height of self-service beverage dispenser exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

v. Inaccessible self-service ice dispenser: inaccessible forward reach at self-service ice dispenser, minimum clear floor space extending beneath the element allowing for a forward reach not provided, inaccessible side reach at self-service ice dispenser, and noncompliant height of self-service ice dispenser exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

vi. Inaccessible dining tables: required minimum clear floor space allowing a forward approach not provided, required minimum knee and toe clearance is not provided at dining tables, and a minimum percentage of existing dining tables required to be accessible not provided in violation of ADAAG §§ 226, 902, 306.

vii. Complaint signage identifying the restroom not provided as required in violation of ADAAG § 216.

viii. Noncompliant door swing of restroom door: restroom door swings into the floor space of restroom fixtures in violation of ADAAG § 603.

ix. Noncompliant door lock at restroom door requires twisting of the wrist in violation of AGAAG §§ 404, 309.

x. Insulation of pipes under the lavatory not provided as required in violation of ADAAG § 606.

xi. Inaccessible hand soap dispenser: noncompliant mount height of hand soap dispenser exceeds maximum height allowance in violation of ADAAG §§ 606, 308.

xii.   Inaccessible paper towel dispenser: noncompliant mount height of paper towel dispenser exceeds maximum height allowance in violation of ADAAG §§ 606, 308.

xiii.   Noncompliant existing grab bar at rear wall of water closet does not meet minimum length requirement in violation of ADAAG § 604.

xiv.   Noncompliant existing grab bar at side wall of water closet does not meet minimum length requirement in violation of ADAAG § 604.

xv.   Inaccessible toilet paper dispenser in restroom: dispenser positioned at a noncompliant distance from water closet in violation of ADAAG § 604.

xvi.   Noncompliant position of flush control located at closed side of water closet in violation of ADAAG § 604.

r.   **1450 Broadway, New York, New York:**

i.   Required minimum maneuvering clearance not provided at interior side of entrance door, and noncompliant change in level within required maneuvering clearance at the interior side of entrance door in violation of ADAAG § 404.

ii.   Noncompliant ramp at interior side of entrance door, and required landing not provided at top of ramp at interior side of entrance door in violation of AGAAG § 405.

iii.   Inaccessible service counter: noncompliant height of service counter exceeds maximum height allowance in violation of ADAAG §§ 227, 904.

iv.   Inaccessible self-service beverage dispenser: inaccessible forward reach at self-service beverage dispenser, minimum clear floor space extending

beneath the element allowing for a forward reach not provided, inaccessible side reach at self-service beverage dispenser, and noncompliant height of self-service beverage dispenser exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

    v. Inaccessible self-service ice dispenser: inaccessible forward reach at self-service ice dispenser, minimum clear floor space extending beneath the element allowing for a forward reach not provided, inaccessible side reach at self-service ice dispenser, and noncompliant height of self-service ice dispenser exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

    vi. Inaccessible dining tables: required minimum knee and toe clearance is not provided at dining tables, and a minimum percentage of existing dining tables required to be accessible not provided in violation of ADAAG §§ 226, 902, 306.

28. This is not intended as a complete list of ADA and ADAAG violations at the Chop't Locations. Additional violations will be set forth within Plaintiff's expert disclosures and report, following inspections made of each location pursuant to Fed. R. Civ. P. 34.

29. Plaintiff and the Class are blocked by physical barriers to access at the Chop't Locations. These violations, which include but are not limited to the barriers enumerated herein, prohibit Plaintiff and the Class from fully accessing the Chop't Locations, and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

30. Remediating the ADA and ADAAG violations set forth herein is both technically feasible and readily achievable.

31. Plaintiff and the Class intend to visit Chop't Locations in the future (upon Defendant's compliance with an Order of this Court requiring Defendant to remedy the ADA violations at issue) in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Chop't Locations; however, in light of their disabilities, unless and until the Chop't Locations are brought into full compliance with the ADA and its implementing regulations, Plaintiff and the Class will remain unable to fully, properly, and safely access the Chop't Locations and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

32. As a result of the foregoing, Defendant has discriminated against Plaintiff and the Class, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Chop't Locations.  Defendant's discrimination is prohibited by 42 U.S.C. § 12182, *et seq.*

33. Moreover, Defendant will continue to discriminate against Plaintiff and the Class unless and until it is compelled by this Court to remove all physical barriers existing at the Chop't Locations, which violate the ADA and ADAAG, including but not limited to those specifically set forth herein, and to make the Chop't Locations accessible to and usable by persons with disabilities, including Plaintiff and the Class.

34. Plaintiff and the Class are without an adequate remedy at law, and are suffering irreparable harm, and reasonably anticipates that they will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Chop't Locations, including those set forth herein.

35. This Court is vested with authority to grant injunctive relief sought by Plaintiff and the Class, including entry of an order requiring alteration and modification of the Chop't Locations, so

as to make readily them accessible to and useable by individuals with disabilities to the extent required by law.

## COUNT II
## VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

36. Plaintiff re-avers the allegations set forth above as though fully set forth herein.

37. The New York State Human Rights Law provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation…. because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability … [6]

38. The Chop't Locations are places of public accommodation as defined by the New York State Human Rights Law.

39. Plaintiff and the Class have visited Chop't Locations and encountered architectural barriers made illegal by the ADA and ADAAG, and by the New York State Human Rights Law.

40. By maintaining architectural barriers that discriminate against people with disabilities through the actions described above, Defendant has, directly or indirectly, refused, withheld, and/or denied to Plaintiff and the Class, because of his disability, the accommodations, advantages, facilities or privileges thereof provided at the Chop't Locations. Failure by Defendant to act to identify and remove barriers can be construed as an act of "negligent per se."

41. Plaintiff and the Class have been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seek judgment pursuant to N.Y. Exec. Law §297, including damages pursuant to § 297(9) thereof.

---

[6] NYS Exec. Law § 296 (2)(a).

## COUNT III
## VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

42. Plaintiff re-avers the allegations set forth above as though fully set forth herein.

43. The New York City Human Rights Law provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived…disability…of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof…to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of …disability…[7]

44. Defendant is in violation of the New York City Human Rights Law by denying the Plaintiff and the Class full and safe access to all the accommodations, benefits and services available at the Chop't Locations.

45. Plaintiff and the Class have been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seeks judgment pursuant to the New York City Human Rights Law and all relief provided for thereunder.

### DAMAGES

46. Plaintiff and the Class are entitled to damages pursuant to New York state law, including but not limited to damages contemplated by N.Y. Exec. Law §297(9).

### INJUNCTIVE RELIEF

47. Pursuant to 42 U.S.C. § 12188, this Honorable Court is vested with the authority to grant injunctive relief in favor of Plaintiff and the Class, including but not limited to the issuance of an Order to alter each of the Chop't Locations so that they are made readily accessible to, and useable by, all individuals with disabilities, including Plaintiff and the Class, as required

---

[7] NYC Admin Code § 8-107(4)(a)

pursuant to the ADA, the New York State Human Rights Law, New York City Human Rights Law, and closing each of the Chop't Locations until such time as the requisite modifications are complete.

WHEREFORE, the Plaintiff, for the Class, request that the Court issue an Order and grant Judgment to the Class Plaintiffs as follows:

A. Certifying this action as a Class Action;

B. Naming the Plaintiff as the representative Named Class Plaintiff on behalf of all absent Class members;

C. Appointing Law Offices of Nolan Klein, P.A., and Bashian & Papantoniou, P.C., as Class Counsel for all purposes in this action;

D. Granting the Plaintiff and all Class members all injunctive, monetary, and other relief available under applicable law, including but not limited to:

    i. A declaration that Defendant is in violation of the ADA, the New York State Human Rights Law and the New York City Human Rights Law; and

    ii. An Order requiring Defendant to evaluate and neutralize its policies, practices and procedures towards individuals with disabilities; and

    iii. An Order requiring that Defendant undertake and complete a program of corrective remodeling, reconstruction, and other such actions as may be necessary, to remediate and eliminate all ADA and ADAAG violations found at trial to be present upon the Subject Property;

      iv.  An Order requiring Defendant to alter all of its facilities and amenities (whether or not remodeling or reconstruction is required) to make those facilities accessible to and useable by individuals with disabilities as required pursuant to Title III of the ADA, the ADAAG, and by NYSHRL and the NYCHRL;

      v.  An Order requiring closure of each of the Chop't Locations until such time as the location has been brought into full compliance with the ADA and ADAAG;

      vi.  An award to each member of the Class equal to the maximum amount permitted by the NYSHRL and/or NYCHRL;

E.  Granting the Plaintiff and the Class such other and further relief, as the Court deems just under the circumstances; and

F.  Granting Class Counsel an award of their attorneys' fees and costs of suit, reflective of the work done in prosecuting this action, the time spent, the effort and hard costs invested, and results obtained, in light of the Court's judgment informed by awards in other similar cases of comparable difficulty and complexity

Dated this **15th** day of **January**, 2018.

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**
*Attorneys for Plaintiff*
39 Broadway, Ste. 2250
New York, NY 10006
Tel: (646) 560-3230; Fax: (877) 253-1691

By: _/s/ Nolan Klein_
**NOLAN KLEIN, ESQ. (NK4223)**
klein@nklegal.com

~ and ~

**Bashian & Papantoniou, P.C.**
*Attorneys for Plaintiff*
500 Old Country Road, Ste. 302
Garden City, NY 11530
Tel:     (516) 279-1554
Fax:     (516) 213-0339

*By:* */s/ Erik M. Bashian*
**ERIK M. BASHIAN, ESQ. (EB7579)**
eb@bashpaplaw.com